Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STAUBER, individually and on behalf of all others similarly situated, | CASE NO.: |
| Plaintiffs, | |
| v. | |
| S.B.S. LIEN SERVICES, THE SAND CASTLE HOMEOWNERS ASSOCIATION, and DOES 1 through 10 inclusive, | CLASS ACTION COMPLAINT FOR DAMAGES |
| Defendants. | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendants, S.B.S. LIEN SERVICES and THE SAND CASTLE HOMEOWNERS ASSOCIATION, alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices.  Plaintiff also

alleges violations of the Davis-Stirling Act, California Civil Code §4000 et seq. and the California Business and Professions Code §17200, et seq.

## PARTIES

2. Plaintiff is a natural person residing in Pacific Palisades, California.

3. Upon information and belief, the Defendant S.B.S. Lien Services is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Westlake Village, California.

4. Upon information and belief, the Defendant The Sand Castle Homeowners Association is an "association" as defined pursuant to Cal. Civil Code §4080 and is a "creditor" as defined pursuant to Cal. Civil Code §1788.2 with its principal place of business in Torrance, California.

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporations reside and regularly conduct business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

6. Plaintiff realleges paragraphs 1 through 5 as if fully restated herein.

7. That a personal debt was allegedly incurred by Plaintiff to The Sand Castle Homeowners Association.

8. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to S.B.S. Lien Services for collection.

### *Count One*

9. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

Class Action Complaint for Damages

10. That on or about June 2014, Defendant S.B.S. Lien Services mailed a dunning notice to Plaintiff in an attempt to collect the aforementioned debt.

11. That said notice states:

> **"California law permits SBS to proceed with the enforcement of the Lien upon the expiration of 30 days after the lien is recorded.  If you want to resolve this matter before the Lien enforcement is commenced, you must, not later than 30 days from the date the Lien recorded either (1) pay the balance due by cashier's check or money order to SBS Lien Services, or (2) call this office at (818) 991-4600 and discuss a payment plan for HOA approval."**

12. That said notice includes the following threat:

> **"If you do neither of these, this office will proceed with the enforcement of the Lien by the filing of a Notice of Default."**

13. That said notice uses false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to his consumer rights.

14. That Defendant's use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

### *Count Two*

15. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

16. That upon information and belief, Defendant S.B.S. Lien Services has attempted to collect on amounts that are not authorized by agreement or permitted by law.

17. That Plaintiff ultimately paid off the outstanding account to Defendant S.B.S. Lien Services under protest.

18. That Defendant S.B.S. Lien Services, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

19. That as a result of Defendant's conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

20. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (e), (f), and (g)  in that the representations made by the Defendant are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

   a. Defendant has violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

   b. Defendant has violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   c. Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

21. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

22. Plaintiff realleges paragraphs 1 through 21 as if fully restated herein.

23. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

24. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

Class Action Complaint for Damages

25. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

    a. By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated §1788.13(e);

    b. By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendants have violated §1788.13(j);

    c. By failing to include certain debt collection notices and disclosures required by law; and

    d. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

26. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

27. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

28. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

29. Plaintiff realleges paragraphs 1 through 28 as if fully restated herein.

30. The Davis-Stirling Common Interest Development Act (Davis-Stirling Act), California Civil Code § 4000, et seq., regulates a homeowners association's ability to collect on debts owed by its members.

31. That upon information and belief, Defendant Sand Castle Homeowners Association has attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law in violation of the Davis-Stirling Act.

32. By its acts and practices as hereinabove described, the Defendant Sand Castle Homeowners Association has violated the Davis-Stirling Act as follows, without limitation:

    a. By charging Plaintiff various costs, interest and late fees in excess of the amounts permissible by law, Defendant has violated §§5600 and 5650;

    b. By failing to provide Plaintiff with proper notice regarding increased assessments, Defendant has violated §5615;

    c. By refusing to accept Plaintiff's payment(s), Defendant has violated §5655;

    d. By failing to comply with notice requirements, Defendant has violated §§5660 5675, and 5705;

33. Plaintiff is entitled to recover his damages sustained as a result of the Defendant's violations of the Davis-Stirling Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff as well as attorney's fees and costs, which damages are in an amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

34. Plaintiff realleges paragraphs 1 through 33 as if fully restated herein.

35. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

36. That Defendants, by engaging the acts hereinabove described, has committed violations under the FDCPA, the Rosenthal Act and the Davis-Stirling Act; that said

Class Action Complaint for Damages

acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

37. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

38. That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendants' conduct.

39. That Defendants have been unjustly enriched by committing said acts.

40. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

41. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

42. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution.

## CLASS ALLEGATIONS

43. Plaintiff realleges paragraphs 1 through 42 as if fully restated herein.

44. The first cause of action is brought on behalf of Plaintiff and the members of a class.

45. The Class consists of all persons whom Defendant's records reflect resided in the state of California and who were sent collection letters (a) bearing the Defendant's letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (b) the collection letters were sent to consumers seeking payment of a consumer debt; (c) that the letters contained violations of 15 U.S.C. §§ 1692e, 1692f and 1692g.

46. The class consists of consumers who received the same form letters, as did the Plaintiff.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the facts that the collection letters that are at the heart of this litigation are mass-mailed and computer-generated form letters automatically generated and sent within a 30-day time frame, the class is so numerous that joinder of all members is impracticable.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)    The only individual issue is the identification of the consumers who received the letters, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

(D)    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

48.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

49.    Collection letters, such as those sent by the Defendant, are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

50.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

      i.   Defendant violated 15 U.S.C. § 1692e by using false representations and misleading and deceptive means in an attempt to collect a debt;

      ii.  Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt;

      iii. Defendant violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)     Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b)     Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c)     Statutory damages and actual damages pursuant to Civil Code §4000 *et seq.*, as to the third cause of action.

(d)     Damages and restitution pursuant to the California Business and Professions Code § 17200 et seq. on the fourth cause of action.

(c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d)     For such other and further relief as may be just and proper.

(e)     Plaintiff requests trial by jury on all issues so triable.

//
//
//

Dated: November 26, 2014

Respectfully Submitted,

___/S/ Amir J. Goldstein_____
Amir J. Goldstein
Attorney for Plaintiffs

Class Action Complaint for Damages